10-4179-cv
Baird v. The Prudential Ins. Co. of Am.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:

       JOSÉ A. CABRANES,
       CHESTER J. STRAUB,
       DEBRA ANN LIVINGSTON,
              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MONA BAIRD,
    *Plaintiff-Appellant,*

     -v.-                                     No. 10-4179-cv

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
    *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Charles G. Fiore, Lewis & Fiore, New York, NY.

**FOR DEFENDANT-APPELLEE:**        Sean K. McMahan (Patrick C. DiCarlo, *of counsel*), Alston & Bird LLP, Atlanta, GA.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*) entered September 27, 2010.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Mona Baird appeals from a judgment of the District Court entered September 27, 2010, granting summary judgment in favor of defendant-appellee The Prudential Insurance Company of America ("Prudential") on Baird's claim seeking reinstatement of long-term disability ("LTD") benefits for her bilateral Carpal Tunnel Syndrome pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

We assume the parties' familiarity with the factual history and proceedings below. On appeal, Baird argues that the District Court erred in granting summary judgment to Prudential because Prudential's conclusion that she was no longer "disabled," which precipitated its termination of her LTD benefits, was not supported by substantial evidence, and was the result of Prudential's failure to consider the duties of her regular occupation in a meaningful way.

We review *de novo* an order granting summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Nevertheless, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following our *de novo* review of the record, we affirm the judgment of the District Court for substantially the reasons stated in its Memorandum Opinion entered September 24, 2010. *See Baird v. Prudential Ins. Co. of Am.*, No. 09 Civ. 7898, 2010 WL 3743839 (S.D.N.Y. Sept. 24, 2010). In this case, "Baird's arguments amount to nothing more than a disagreement about how [Prudential] should have evaluated the medical evidence." *Id.* at *5. As the District Court accurately noted, where, as here, the terms of an employee benefit plan grants the claim administrator discretion to determine eligibility for benefits, "such arguments do not provide a basis for overturning a benefit determination." *Id.*; *see also Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009) ("[We] will not disturb the administrator's ultimate conclusion unless it was arbitrary and capricious." (internal quotation marks omitted)).

### *CONCLUSION*

We have considered all of Baird's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk